52 F.3d 333
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ramin MAZLOUMI, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70033.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 4, 1995.*
Decided April 7, 1995.
 
 Before: BROWNING, SNEED and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ramin Mazloumi, a native and citizen of Iran, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the immigration judge's ("IJ") denial of Mazloumi's application for suspension of deportation under section 244(a)(1) of the Immigration and Nationality Act ("INA"), 8 U.S.C. Sec. 1254(a)(1). Mazloumi contends that the BIA erred by finding that he failed to demonstrate "extreme hardship." We have jurisdiction under 8 U.S.C. Sec. 1105(a), and we deny the petition.
 
 
 3
 * BIA's Summary Affirmance
 
 
 4
 Mazloumi contends that the BIA abused its discretion by summarily affirming the IJ's decision. This contention lacks merit.
 
 
 5
 "The BIA may incorporate the IJ's opinion [so long as] the BIA opinion makes it clear that it is doing so" Alaelua v. INS, No. 93-70868, slip. op. 1175, 1181 (9th Cir.1995) (holding that the BIA does not abuse its discretion by adopting the IJ's decision instead of discussing the factors in its own words).
 
 
 6
 Here, the BIA's order explicitly incorporates the IJ's decision stating that "[t]he decision of the immigration judge is affirmed based upon the reasons set forth therein." Accordingly, the BIA did not abuse its discretion by incorporating the IJ's decision because "[t]he adoption of a lower tribunal's reasons is a valid practice on review." Id. at 1182.
 
 II
 Extreme Hardship
 
 7
 Mazloumi contends that the IJ abused his discretion by failing to consider facts that indicated Mazloumi would experience "extreme hardship" if deported to Iran. This contention lacks merit.
 
 
 8
 Where the BIA clearly incorporates the IJ's opinion, we treat the IJ's statement of reasons as the BIA's and review the IJ's decision for abuse of discretion. Id. at 1181. Failure to consider all pertinent facts supporting extreme hardship or failure to articulate reasons for denying suspension is an abuse of discretion. Bu Roe v. INS, 771 F.2d 1328, 1333 (9th Cir.1985).
 
 
 9
 To establish a prima facie case for suspension of deportation under section 244(a), an alien must satisfy three threshold requirements: (1) continuous physical presence in the United States for not less than seven years; (2) good moral character; and (3) extreme hardship to the alien, or to the alien's United States citizen or lawful permanent residence spouse, parent, or child, if the alien is deported. Bu Roe, 771 F.2d at 1333. The alien bears the burden of demonstrating eligibility for relief under section 244(a). Id.
 
 
 10
 The difficulty of readjusting to life in one's native land " 'is the type of hardship experienced by most aliens who have spent time abroad.' " Ramirez-Durazo v. INS, 794 F.2d 491, 498 (9th Cir.1986) (quoting Sullivan v. INS, 772 F.2d 609, 610 (9th Cir.1985)). The severance of community ties, which occurs every time a person relocates, is not extreme hardship. See Patel v. INS, 638 F.2d 1199, 1206 (9th Cir.1980). Economic factors alone do not constitute extreme hardship. See Ramirez-Durazo, 794 F.2d at 498.
 
 
 11
 Here, the IJ found that Mazloumi had not demonstrated "extreme hardship" and thus had not established a prima facie case for suspension of deportation. In reaching this conclusion, the IJ considered the fact that Mazloumi's father, mother and siblings reside in Iran. The IJ also considered the fact that Mazloumi is single and has no children, that he is not proficient in Farsi, and that he has resided in the United States for more than half of his life.
 
 
 12
 The IJ concluded that Mazloumi would not suffer extreme hardship if he were deported because he had extensive family ties in Iran, he is in good health and his education and experience demonstrated his ability to adapt to new situations.
 
 
 13
 Given these circumstances, we cannot say that the IJ abused his discretion by concluding that Mazloumi did not demonstrate extreme hardship. See Patel, 638 F.2d at 1199; Ramirez-Durazo, 794 F.2d at 498. The IJ considered all the relevant factors relating to extreme hardship to Mazloumi and set forth the reasons in support of the discretionary denial of suspension of deportation. See Bu Roe, 771 F.2d at 1333.
 
 PETITION FOR REVIEW DENIED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We reinstate the BIA's grant of thirty days for voluntary departure. The thirty day period will begin to run on the date mandate is issued in this case. See Contreras-Aragon v. INS, 852 F.2d 1088, 1097 (9th Cir.1988) (en banc) (where the court of appeals affirms the BIA's deportation order, the period for voluntary departure by the BIA does not begin to run until the issuance of the appellate mandate)